UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANNY AMEN VALENTINE SHABAZZ,

               Plaintiff,

-against-

AUBREY DRAKE GRAHAM; LUCIANNE GRAINGE, UNIVERSAL MUSIC GROUP,

               Defendants.

23-CV-9228 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action alleging claims of criminal copyright infringement. By order dated November 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Danny Amen Valentine Shabazz brings this action against Aubrey Drake Graham, popularly known as the musical artist Drake; and Lucianne Grainge, who is affiliated with Universal Music Group ("UMG"), asserting claims for criminal copyright infringement. The following allegations are taken from the complaint, in which Plaintiff refers to himself as "Danny."[1]

> Since 2007, Danny and his company Covenant Music Inc has been a part of the Universal Music Group/Motown/ Republic/SRC system as a partner in projects. Due to Danny getting exhausted from 2007-2009 workflow with Wu Tang Clan's 8 Diagrams album as an executive with a 2 million dollar budget and a 36,000 dollar payment to Covenant Music Group. Out of that album came multiple

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

>projects and derivatives one being the artist Drake who was brought into the fold by Kevin "Kato" McKenzie and KK Rosemond. Kato was the project manager originally for Drake and I was the Covenant Wu Tang Executive who received a check that was cashed at Wachovia. Vashon Rap Straws was the Head of Radio Promotions and Derek "D the Weatherman" Pearson was the Head of Radio at Motown. We all worked on the 6th floor with Monique Baines being Steven Rifkind assistant. Sylvia Rhone was the then President of Motown and she oversaw budgets for the whole Motown staff. She and Danny had a cordial relationship. Danny didn't at the time have a lawyer to oversee the multiple projects that were coming out of the UMG building and that hindered Danny from receiving the rest of his pay and crest on Drake and other artists like Akon and The Dream. Lucianne Grainge came into the fold much later after Doug Morris and Sylvia Rhone departed for Sony. As of today Danny has been in contact with UMG and Vashon over the last 3 years with Lucianne greenlighting Unc and Phew and allowing them to sell the catalog to Hybe Corporation. Unc and Phew album is a derivative of 8 Diagrams and Danny copyright Protect Ya Neck or spelled Protect Your Neck at the copyright office. Drake's album and career is derived from works from Wutang and Danny other acts under the Covenant Music Inc. Danny has not been paid for any of these works and Lucianne continues to greenlight these projects after repeated attempts to collect his money and pay his staff which consist over thousands of people who are not being paid correctly or able to even organize the back office correctly. These projects were completed in the New York UMG building at 1755 Broadway Ave, New York, New York 10019 and Danny lived in Jersey City on Magnolia Ave 07306. Danny also worked at 703 47th and 7th Ave New York, New York 10036.

(ECF 1 at 2-3.)

Plaintiff refers to a copyright registration number for a work called "Drake," which was allegedly created in 2009, and "published" in 2020. (ECF 1 at 4-5.) Plaintiff alleges that Defendants "owe" him:

>on all Drake projects and a 15 percent fee of the budgets he was allocated. He also owes [Plaintiff] 15 percent of the 500 million and all Quality Controls projects which will be addressed in another claim unless the judges decide to rule on an order for UMG to pay all fees. The USSS specially said [Plaintiff] needs 24 hour security and we are being neglected.

(*Id.* at 3.)

## DISCUSSION

A.  **Criminal Copyright Claims**

Plaintiff asserts claims for criminal copyright infringement under 17 U.S.C. § 506 and 18 U.S.C. § 2139. However, Plaintiff cannot initiate the prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff or the Court direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims for criminal copyright infringement for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  **Civil Copyright Claims**

To the extent Plaintiff seeks to assert civil claims for copyright infringement, his allegations are insufficient to state a viable claim. The Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a). "[T]he author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). "To state a claim for copyright infringement, a plaintiff must allege 'both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant.'" *Spinelli v Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (citation omitted).

Plaintiff provides information about a copyright registration number for a work called "Drake," and refers to a work called "Protect Your Neck," and claims that Drake's "album and career is derived from works from Wutang and Danny other acts." (ECF 1 at 3, 5.) Even if the

4

Court assumes that Plaintiff is the owner of a valid copyright, these allegations are insufficient to show that Defendants violated infringed or otherwise violated that copyright. The Court therefore dismisses Plaintiff's civil claims for copyright infringement for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because Plaintiff does not currently state a federal claim, the Court declines, at this time, to exercise supplemental jurisdiction of any state law claims that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

5

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, and in light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to plead facts in support of a civil copyright infringement claim in an amended complaint. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## LITIGATION HISTORY AND WARNING

A review of Public Access to Court Electronic Records ("PACER") shows that since 2021, Plaintiff has filed approximately 20 *pro se* complaints in multiple federal courts, and has previously asserted copyright infringement claims similar to those set forth in this matter.[2] *See Anderson v. Jennings*, No. 23-CV-651, 2024 WL 36002, at *2 (D. Del. Jan. 3, 2024) (dismissing criminal copyright infringement claims because Plaintiff's claims were "confusing and missing relevant context"); *Shabazz v. United States*, ECF 1:23-CV-10546, 2 (LTS) (S.D.N.Y. Dec. 26, 2023) (directing Plaintiff to pay the filing fee or an IFP application within 30 days); *Shabazz v. Yoon*, ECF 1:23-CV-10908, 2 (LTS) (S.D.N.Y. Dec. 22, 2023) (same); *Shabazz v. Diggs,* ECF 1:23-CV-9084, 5, (LTS), 2024 WL 37079, at *1 (S.D.N.Y. Jan. 3, 2024) (dismissing complaint for failure to state a claim, with 30 days' leave to replead); *Shabazz v. Diggs*, No. 23-CV-12046, 23-CV-16641, 2023 WL 6276277, at *1 (D.N.J. Sept. 26, 2023) (dismissing criminal copyright infringement claims because Plaintiff's "bald assertions and conclusory allegations [were] insufficient to state a claim [for] relief that is plausible on its face."); *Shabazz v. Matthews*,[3] No. 23-CV-1757, 2023 WL 4089361, at *5 (E.D. Pa. June 20, 2023) ("Shabazz's allegations lack a factual basis and do not support any plausible claim in accordance with Rule 8."); *Shabazz v.*

---

[2] Plaintiff has filed cases under the last names Shabazz and Valentine-Shabazz.

[3] Plaintiff also sued Lucianne Grainge in that complaint.

*Bakish*, No. 23-CV-1639, 2023 WL 4685521, at *1 (D.D.C. July 12, 2023) (dismissing criminal copyright infringement claims for failure to state a claim); *Shabazz v. Passino*, No. 23-CV-1638, 2023 WL 4685516, at *1 (D.D.C. July 12, 2023) (same).

Plaintiff's pleadings asserting other types of claims have been dismissed for failure to state a claim or for failure to comply with court orders. *See Shabazz v. BET Network*, ECF 1:23-CV-9923, 3 (LTS) (S.D.N.Y. Jan. 22, 2024) (dismissing action without prejudice for failure to pay the fee or file an IFP application as directed); *Shabazz v. Watson*, No. 23-CV-4048, 2023 WL 6940717, at *3 (N.D. Ga. Nov. 6, 2023) (dismissing complaint for failure to update address); *Shabazz v. Bruce*, No. 23-CV-1399 (D.N.J. July 17, 2023) (same); *Valentine-Shabazz v. Sinacola*, No. 22-CV-3342 (E.D. Pa. Oct. 12, 2022) (same); *Valentine-Shabazz v. Tracy*, No. 22-CV-512 (D. Del. June 21, 2022) (same); *Shabazz v. Bruce*, No. 23-CV-1604, 2023 WL 4531769, at *1 (D.D.C. July 12, 2023) (dismissing complaint because, "[a]s presented, neither the Court nor the defendants can reasonably be expected to identify plaintiff's claims, if any."). Plaintiff is already subject to a filing injunction in another jurisdiction. *See Estate of Valentine-Shabazz v. Buccini*, No. 22-CV-3343, 2022 WL 4291334, at *4 (E.D. Pa., Sept. 16, 2022) ("This Court concludes that Valentine-Shabazz's abusive litigation activity warrants a pre-filing injunction at this time. Valentine-Shabazz has demonstrated a continuing pattern of abuse by emailing a volume of submissions to the Clerk of Court that are nonsensical, nonresponsive to this Court's Orders, and noncompliant with the Federal Rules of Civil Procedure.").

In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware of the elements of a copyright claim when he filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that if he

abuses the privilege of proceeding IFP by filing duplicative or meritless complaints, the Court may order him to show cause why he should not be barred from filing new actions IFP unless he receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: February 14, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

\_\_\_\_ Civ. _____ ( \_\_\_\_ )

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED COMPLAINT**

-against-

_____

Jury Trial: ☐ Yes   ☐ No
(check one)

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

I.   **Parties in this complaint:**

A.   List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name   _____
Street Address   _____
County, City   _____
State & Zip Code   _____
Telephone Number   _____

B.   List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1  Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

Defendant  No. 2  Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

Defendant  No. 3  Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

Defendant  No. 4  Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

**II.   Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions        ☐ Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
_____
_____

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____
_____

*Rev. 12/2009*                                             2

**III.   Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.   Where did the events giving rise to your claim(s) occur? _____
_____

B.   What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.   Facts: _____

**What happened to you?**

_____
_____
_____
_____

**Who did what?**

_____
_____
_____
_____

**Was anyone else involved?**

_____
_____

**Who else saw what happened?**

_____
_____
_____

**IV.   Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

|  |  |
|---|---|
| Signature of Plaintiff | _____ |
| Mailing Address | _____ |
|  | _____ |
|  | _____ |
| Telephone Number | _____ |
| Fax Number *(if you have one)* | _____ |

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

|  |  |
|---|---|
| Signature of Plaintiff: | _____ |
| Inmate Number | _____ |